**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

1
2
3
4  JUAN DUARTE, et al.,

5              Plaintiffs,

6      v.

7  RUSSELL INVESTMENTS TRUST
   COMPANY, et al.,
8
9              Defendants.

10

Case No. 2:21-cv-00961-CDS-BNW

**ORDER AND REPORT AND
RECOMMENDATION**

11      Before the Court is Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, in

12  which they seek to amend their previously dismissed co-fiduciary claim and add two plaintiffs.

13  ECF No. 131. The Caesars Defendants opposed, and Plaintiffs replied. ECF Nos. 146, 148.

14  Because Plaintiffs' co-fiduciary claim was dismissed with prejudice, Plaintiffs were required to

15  move for reconsideration of the Court's dismissal order to amend this claim. The Court therefore

16  denies the Motion as to the co-fiduciary claim. But because the Caesars Defendants failed to

17  establish that they would be prejudiced by the addition of the two plaintiffs, the Court grants the

18  Motion to allow the Rubertons to join the case.

19  **I.      BACKGROUND**

20      Plaintiffs brought this ERISA action because they allege that Defendants breached their

21  fiduciary duties and caused Plaintiffs' retirement plans to lose more than $100 million in potential

22  investment earnings. *See generally* ECF No. 125. Plaintiffs initially brought a co-fiduciary claim

23  against the Caesars Defendants[1] for allegedly enabling the Russell Funds' poor investment

24  strategies. ECF No. 50 at ¶ 86. The Court, however, dismissed said claim. ECF No. 109 at 20, 22.

25      Plaintiffs have thrice amended their complaint, each time adding or removing named

26  Plaintiffs. *See* ECF Nos. 1, 50, 125. Now they seek leave to file a fourth amended complaint to

27

28  ───────────────
[1] Caesars Holdings, Inc., the Plan Investment Committee, and the 401(k) Plan Committee.

1   reassert their co-fiduciary claim against the Caesars Defendants based on new evidence, and to

2   add two more plaintiffs. ECF No. 131.

3   **II.    ANALYSIS**

4        Generally, a party may amend its pleading once "as a matter of course" within twenty-one

5   days of serving it, or within twenty-one days after service of a responsive pleading or motion

6   under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a)(1). Otherwise, "a party may amend its pleading

7   only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

8   "The court should freely give leave when justice so requires." *Id.* "The court considers five

9   factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay,

10   prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously

11   amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

12   "The standard for granting leave to amend is generous." *Id.* "The party opposing the amendment

13   bears the burden of showing why leave should be denied, including the burden of establishing

14   prejudice." *Underwood v. O'Reilly Auto Enterprises*, LLC, 342 F.R.D. 338, 343 (D. Nev. 2022)

15   (internal citations omitted).

16       **A.  Co-Fiduciary Claim**

17        Plaintiffs seek to amend the complaint to reassert the co-fiduciary claim against the

18   Caesars Defendants that was previously dismissed by the Court. ECF No. 131 at 8–11. Plaintiffs

19   argue that discovery has revealed new evidence that the Caesars Defendants actively participated

20   in the decision to select the Russell Funds and that the Court previously dismissed their claim

21   because the Caesars Defendants represented that "they were not the ones making the relevant

22   decision." *Id.* Now, Plaintiffs claim, they can sufficiently plead a co-fiduciary claim against the

23   Caesars Defendants based on the newly discovered evidence. *Id.*

24        The Caesars Defendants dispute amendment of this claim because they assert that it was

25   dismissed with prejudice. ECF No. 146 at 2–3. Thus, they contend, Plaintiffs cannot seek to

26   amend the claim through a motion for leave to amend and instead must move for reconsideration

27   of the Court's dismissal order. *Id.*

28

1    Plaintiffs disagree, stating that the claim was *not* dismissed with prejudice. ECF No. 148

2    at 3–4. They also assert that, in any event, they satisfy both standards. *Id.* at 4–11.

3    The Court agrees with the Caesars Defendants that the claim was dismissed with

4    prejudice. In its dismissal order, the Court explained that the plain language of the ERISA statute

5    indicates that the co-fiduciary claim against the Caesars Defendants "may not proceed" because a

6    trustee is not liable "for the acts or omissions of a properly appointed investment manager." ECF

7    No. 109 at 20. The Court did not find that Plaintiffs simply failed, at that stage, to plead sufficient

8    facts to allege a co-fiduciary claim against the Caesars Defendants or that there may exist facts

9    that Plaintiffs could plead to bring a viable claim upon amendment. *Id.* at 20, 22. Instead, the

10   Court plainly stated that under the statute, the "Caesars Defendant cannot be held liable for

11   breaches of co-fiduciary duty." *Id.* at 20. Thus, the proper mechanism for seeking leave to amend

12   this claim is through a motion for reconsideration. *New York ex rel. Khurana v. Spherion Corp.*,

13   2019 WL 1274710, at *2 (S.D.N.Y Mar. 20, 2019). The Court therefore denies Plaintiffs' Motion

14   as to the co-fiduciary claim.

15   **B.  Additional Plaintiffs**

16   Plaintiffs also seek to amend the complaint to add Plaintiffs Rick Ruberton and Linda

17   Ruberton. ECF No. 131 at 6. The Proposed Fourth Amended Complaint alleges that the

18   Rubertons were participants in the Plan from "at least 2016 to 2021" and that their accounts were

19   transferred to and invested in Russell Funds that only had Russell-Fund options. ECF No. 131-3

20   at 3–4. They allege that their accounts would be worth more if Defendants had not breached their

21   fiduciary duties. *Id.*

22   The Caesars Defendants oppose the addition of the Rubertons because they contend that it

23   would be prejudicial, as they would need to conduct additional discovery to determine the

24   adequacy of the new class representatives. ECF No. 146 at 10. They also assert that Plaintiffs

25   identify "no reason" why the Rubertons should be added and that they did not argue that the

26   current Plaintiffs are inadequate or insufficient, or that the Rubertons cover a subclass not

27   properly represented by the existing Plaintiffs. *Id.*

28

1   Plaintiffs counter that the Caesars Defendants failed to meet their burden of establishing

2   "substantial" prejudice because discovery in an ERISA case primarily concerns the defendants'

3   conduct, rather than actions taken by the plaintiffs. ECF No. 148 at 10. Thus, Plaintiffs contend,

4   the Caesars Defendants' discovery burden will be limited to deposing the Rubertons. *Id.*

5   "[T]he Ninth Circuit has found that when amendment is sought during discovery, and no

6   trial date has been set, the timing of amendment does not cause undue prejudice." *Snow Covered*

7   *Cap., LLC v. Fonfa*, No. 222CV01181CDSBNW, 2024 WL 343435, at *3 (D. Nev. Jan. 30,

8   2024) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987)). Moreover,

9   "[t]he need for additional discovery alone does not establish undue prejudice." *Story v. Midland*

10  *Funding LLC*, No. 3:15-CV-0194-AC, 2016 WL 5868077, at *4 (D. Or. Oct. 7, 2016) (citing

11  *Genentech, Inc. v. Abbott Lab.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989)).

12  Here, Plaintiffs timely sought leave to amend within the discovery period. ECF No. 131.

13  Though discovery has since closed, other case deadlines have not yet passed. *See* ECF Nos. 139

14  (staying briefing on class certification), 150 (dispositive motion deadline set for September 16,

15  2024). And any potential prejudice to the Caesars Defendants can be mitigated by reopening

16  discovery to allow them to depose the Rubertons. Thus, the Court grants Plaintiffs' Motion to

17  allow the addition of the Ruberton Plaintiffs.

18  **CONCLUSION**

19  **IT IS THEREFORE RECOMMENDED** that Plaintiffs' Motion for Leave to File a

20  Fourth Amended Complaint (ECF No. 131) is GRANTED in part and DENIED in part, consistent

21  with this Order.

22  **IT IS FURTHER RECOMMENDED** that Plaintiffs' request to amend their co-fiduciary

23  claim is DENIED. If Plaintiffs wish to amend this claim they must file a motion for

24  reconsideration.

25  **IT IS FURTHER ORDERED** that Plaintiffs' request to amend their complaint to add

26  Plaintiffs Rick Ruberton and Linda Ruberton is GRANTED.

27

28

1    **IT IS FURTHER ORDERED** that Plaintiffs must file a revised Fourth Amended

2  Complaint that solely adds Plaintiffs Rick Ruberton and Linda Ruberton within 30 days of the

3  date of this Order.

4    **IT IS FURTHER ORDERED** that discovery is reopened for the sole purpose of

5  allowing Defendants to depose Plaintiffs Rick Ruberton and Linda Ruberton. If Defendants wish

6  to depose the Ruberton Plaintiffs, they must do so within 60 days of the date of this Order.

7    **IT IS FURTHER ORDERED** that the parties are to meet and confer and submit a

8  proposed briefing schedule for Plaintiffs' Motion for Class Certification within 14 days of the

9  date of this Order.

10    <u>**NOTICE**</u>

11    This report and recommendation is submitted to the United States district judge assigned

12  to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

13  may file a written objection supported by points and authorities within fourteen days of being

14  served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

15  objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153,

16  1157 (9th Cir. 1991).

17

18    DATED this 12th day of June 2024.

19

20    _____

21    BRENDA WEKSLER
     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28