UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANNY WANEK and JUAN DUARTE, et al., | Case No. 2:21-cv-00961-CDS-BNW |
| Plaintiffs, | **ORDER re ECF Nos. 135, 142, 143** |
| v. | |
| RUSSELL INVESTMENTS TRUST COMPANY, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Seal Documents (ECF No. 135). Plaintiffs' have proposed[1] the sealing of several documents attached to Plaintiffs' Motion for Class Certification (ECF No. 134) and Motion for Leave to File the Fourth Amended Complaint (ECF No. 132). Plaintiffs' motion is based on the fact that the documents in question were designated as confidential by Defendants (ECF No. 135 at 1) pursuant to the parties' stipulated protective order (ECF No. 52).[2] These documents are exhibits to (1) the Declaration of Brock J. Specht in Support of Plaintiffs' Motion of Class Certification ("Specht Declaration") (ECF No. 133-2), and (2) the Declaration of Benjamin J. Bauer in Support of Plaintiffs' Motion for Leave to File the Amended Complaint ("Bauer Declaration") (ECF No. 131-2). ECF No. 135-2.

Given the Defendants have designated the documents in question as confidential, Defendant Russell and the Caesars Defendants each filed a response to provide their arguments supporting the need to seal. ECF Nos. 142, 143. However, Defendants only seek redactions for a subset of the documents that Plaintiffs originally proposed. ECF Nos. 142 at 4, 143 at 1.

---

[1] Along with the instant motion, Plaintiffs attached a Proposed Order Granting Plaintiffs' Motion to Seal Documents, which contained a list of exhibits that Plaintiffs felt Defendants might want sealed. ECF No. 135-2.

[2] Plaintiffs do not appear to object to the sealing of any of the proposed documents. *See generally* ECF No. 135 at 1 ("Plaintiffs take no position on whether these materials have been properly designated as Confidential"); *See also* ECF No. 142 at 2 (Defendant Russell notes that "Plaintiffs do not oppose Russell's designation of these materials as Confidential").

1

I.     **LEGAL STANDARD.**

The public holds "a general right to inspect and copy . . . judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks omitted) (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978)); *See also San Jose Mercury News, Inc. v. U.S. Dist. Ct.–N. Dist (San Jose)*, 187 F.3d 1096, 1102 ("the federal common law right of access"). This right affords the public the opportunity of judicial oversight, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), and "promot[es] the public's understanding of the judicial process[.]" *Valley Broad Co. v. U.S. Dist. Court–D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986). Given the importance of this right of access, courts must approach requests to seal with deference toward "a strong presumption in favor of [public] access to court records." *Ctr. for Auto Safety*, 809 F.3d at 1096 (internal quotation marks omitted) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The party who seeks the sealing of a court document bears the burden of overcoming this presumption of public access. *Id.*

In overcoming this presumption, the party seeking to seal must meet one of two competing standards, contingent upon whether the motion to be sealed is dispositive or non-dispositive in nature. *See generally Ctr. for Auto Safety*, 809 F.3d at 1096–102. Further, once the relevant standard is met, the Court "must then 'conscientiously balance[] the competing interests of the public and the party" seeking to seal a document. *Id.* at 1096–97 (citing *Kamakana*, 447 F.3d at 1178).

The standard for sealing documents attached to dispositive motions[3] is known as the 'compelling reasons' standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010). As the name suggests, the party seeking to seal "must articulate[] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citations

---

[3] An example of a dispositive motion for which a Party would need to meet the 'compelling reasons' standard would be one of summary judgment. *Ctr. for Auto Safety*, 809 F.3d at 1098.

1  omitted). This standard further extends to non-dispositive motions which are "more than
2  tangentially related to the merits of the case."[4] *Ctr. for Auto Safety*, 809 F.3d at 1101.

3  Generally, "[w]hat constitutes a compelling reason' is 'best left to the sound discretion of
4  the trial court." *Id*. at 1097 (citing *Nixon*, 435 U.S. at 599). However, courts have regularly found
5  compelling reasons when documents may otherwise "become a vehicle for improper purposes" if
6  not sealed. *Nixon*, 435 U.S. at 598. For example, this may include documents that may be used
7  "as [a] source[] of business information that might harm a litigant's competitive standing." *Id.* at
8  598–99; *See also Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, at *2 (D.
9  Nev. Apr. 29, 2011) (finding that "the parties' interest in protecting their trade secrets a
10 proprietary business practices outweighs the general public interest in public filings"). This may
11 also include documents that contain personally identifying information. *Reflex Media, Inc. v.*
12 *Doe No. 1*, 2022 WL 2985938, at *2 (D. Nev. July 28, 2022) (finding "compelling reasons exist
13 to keep . . . personal identifying information . . . under seal because public disclosure of this
14 information could be used for improper purposes").

15 The standard for sealing documents attached to most non-dispositive motions—those that
16 are no more than tangentially related to the merits of the case—is known as the 'good cause'
17 standard. *Pintos*, 605 F.3d at 678. This is the same 'good cause' standard that applies to
18 protective orders under Rule 26(c).[5] *Wong v. Astrue*, 2008 WL 2323860, at *1 (N.D. Cal. May
19 20, 2008) (citing *Kamakana*, 447 F.3d at 1179–80); *See also Pintos*, 605 F.3d at 678 ("whether
20 'good cause' exists to protect [certain] information from being disclosed to the public by
21 balancing the needs for discovery against the need for confidentiality"). "For good cause to exist,
22 the party seeking [to seal] bears the burden of showing specific prejudice or harm will result[.]"
23 *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). It is
24 important to note that the 'good cause' standard is a lesser burden than the 'compelling reasons'
25 standard, because "the public's interest in accessing dispositive materials does 'not apply with

---

[4] An example of a such a non-dispositive motion that would require a Party to meet the 'compelling reasons' standard would be one of preliminary injunction. *Id.*
[5] *See* FED R. CIV. P. 26(c).

3

equal force' to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1179). Still, under the good cause standard, it is within the Court's discretion whether to seal documents. *Id.* at 679.

While the Court recognizes Defendants' efforts to meet the stricter 'compelling reasons' standard, the Court will instead apply the 'good cause' standard to the exhibits Defendants seek to redact. This is based on the fact that courts within the Ninth Circuit have generally held that the 'good cause' standard applies to the sealing of documents attached to a motion for class certification. *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) ("[T]he vast majority of courts within this circuit treat motions for class certification as non-dispositive motions to which the "good cause" sealing standard applies") (internal quotation marks and citations omitted); *See also Bridge v. Credit One Bank, N.A.*, 2016 WL 11670192, at *1 (D. Nev. Apr. 18, 2016) (finding that, for "a particularized showing of good cause is required" to warrant sealing or redacting documents connected to a motion for class certification).

Next, the Court turns to the standard that applies to a motion for leave to file an amended complaint. While case law varies within the Ninth Circuit, the Court has recently held that the 'good cause' standard likewise applies to motions to amend complaints. *Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, 2022 WL 17095156, at *5 (D. Nev. Nov. 18, 2022) (citing *Kamakana*, 447 F.3d at 1179–80). Of course, this includes exhibits attached to such a motion. *Id.* (finding that exhibits marked 'Confidential' in relation to a motion for leave to amend a complaint required a showing that "good cause exist[ed] to seal the documents").

**II.     ANALYSIS.**

    **A.  DEFENDANT RUSSELL'S RESPONSE.**

Defendant Russell only seeks limited redactions to a total of four exhibits: two from the Specht Declaration[6] and two from the Bauer Declaration.[7] ECF No. 142 at 7. Defendant Russell assents to the unsealing of the remaining exhibits within Plaintiffs' proposal. ECF No. 142 at 2

---

[6] Exhibits 7 and 29. ECF Nos. 134-3, 134-24.
[7] Exhibits 2 and 6. ECF Nos. 132-2, 132-5.

4

("The vast majority of these documents can be unsealed"). The Court notes that the two exhibits from the Specht Declaration are identical to the two exhibits from the Bauer Declaration, and therefore the Court need only conduct a 'good cause' analysis for two of the four total exhibits.[8]

Here, the Court finds that Defendant Russell has demonstrated good cause to redact the four exhibits in question. As explained by Defendant Russell, these four exhibits contain "limited, non-public information . . . concerning [Defendant Russell's] fee arrangement with the Caesars Entertainment Corporation Savings & Retirement Plan . . . that, if made public, would disadvantage Russell's competitive standing in the marketplace." ECF No. 142 at 2. Defendant Russell argues that this information is proprietary business information concerning their outsourced chief investment officer services. *Id*. Defendant Russell is concerned that public disclosure of this information would allow Defendant Russell' competitors and clients to adjust their strategic decisions. *Id.* at 4. Defendant Russell further argues that "no legitimate public interest exists in disclosure of this information." *Id*. at 2. The Court agrees.

Courts have regularly recognized that propriety business information, if left unsealed, could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 588. The Court has held that, "[w]here the material includes information about proprietary business operations, a company's business model, or agreements with clients," sealing of these documents is warranted even under the higher 'compelling reason' standard. *Selling Source, LLC*, 2011 WL 1630338, at *6. Potential misuse of proprietary business information by others "outweighs the general public interest" in a public right of access to court documents. *Id.*

Defendant Russell has established that good cause exists to protect this proprietary business information from public disclosure. The Court finds that the potential harm that may arise from public disclosure and Defendant Russell's corresponding interest in protecting such proprietary business information outweighs the public's right of access.

---

[8] Exhibit 7 to the Specht Declaration is identical to Exhibit 6 of the Bauer Declaration. Further, Exhibit 29 to the Specht Declaration is identical to Exhibit 2 of the Bauer Declaration. This includes the respective proposed redactions.

As a result, the four exhibits in question will be redacted in conformity with Defendant Russell's proposed redactions.[9]

### B. CAESARS DEFENDANTS' RESPONSE.

The Caesars Defendants similarly request redactions to only a subset of those exhibits proposed by Plaintiffs in the instant motion. ECF No. 143 at 1. The Caesars Defendants seek limited redactions to a total of seven exhibits: five from the Specht Declaration[10] and two from the Bauer Declaration.[11] *Id.* The Caesars Defendants do not appear to object to the unsealing of the remaining exhibits within Plaintiffs' proposal. *Id.* ("Other than such specific, personally identifying information, the Caesars Defendants are not requesting that anything else be sealed").

Here, the Court finds that the Caesars Defendants have demonstrated good cause to redact portions of the seven exhibits in question. As explained by the Caesars Defendants, each of the seven exhibits contains information "reflecting certain witnesses' identifying information, including phone numbers, addresses, and email addresses." *Id.* at 1–2. The Caesars Defendants argue that this information is sensitive in nature and that public disclosure would invade the individual privacy interests of individuals who have not consented to public disclosure of such information. *Id*. at 2. The Court is unclear as to the extent of redactions requested or needed as it relates to this personally identifying information but agrees that redactions are warranted. As a result, the Caesars Defendants will need to file proposed redactions for each of the seven exhibits in question.

The Court has previously held that documents containing "sensitive, private, and personally identifiable information" warrant sealing. *Ernest Block, LLC v. Steelman*, 2020 WL 7643223, at *5 (D. Nev. Dec. 23, 2020). Further, courts within the Ninth Circuit have applied this rule to the kinds of information contemplated here—finding that sealing of this information is warranted even under the higher compelling reasons standard. *See e.g. Reflex Media*, 2022 WL 2985938, at *2 (sealing

---

[9] Defendant Russell's proposed redactions can be found at ECF Nos. 144-1, 144-2, 144-3, and 144-4.
[10] Exhibits 22, 26, 27, 28 and 31. ECF Nos. 134-17, 134-21, 134-22, 134-23, 134-25.
[11] Exhibits 7 and 8. ECF Nos. 132-6, 132-7.

1  personally identifying information, including the names and email-addresses of an attorney's
2  clients, because "public disclosure of this information could be used for improper purposes");
3  *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785 (N.D. Cal. Sept. 5, 2018) (finding that phone
4  numbers and addresses were personally identifying information that warranted sealing).
5  Additionally, sealing is reasonable when this personally identifying information is not relevant to
6  the underlying causes of action. *Weisberg v. Takeda Pharmaceuticals U.S.A.*, Inc., 2018 WL
7  6252458 (C.D. Cal. July 3, 2018). The potential harm that may arise from public disclosure of such
8  personally identifying information "outweighs any concern over public access to the records."
9  *Ernest Block*, 2020 WL 7643223, at *5.

The Caesars Defendants have established that good cause exists to protect the personally identifying information contained within the seven exhibits in question. Further, the Court agrees that public disclosure of such information is not necessary. The Court finds that the potential harm that may arise from public disclosure of such personally identifying information outweighs the public's right of access.

As a result, the seven exhibits in question will be redacted in conformity with the Caesars Defendants' proposed redactions.

**III.   CONCLUSION AND ORDER.**

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Seal (ECF No. 135) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that the Clerk of Court is to maintain ECF Nos. 132 and 134 under seal.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an unredacted version of ECF No. 131 (which is currently filed on the docket as ECF No. 132) and consult with Defendants as to the redactions for the exhibits to the Bauer Declaration. Plaintiffs must comply with this order by **July 29, 2024.**

**IT IS FURTHER ORDERED** that Plaintiff shall file an unredacted version of ECF No. 133 (which is currently filed on the docket as ECF No. 134) and consult with Defendants as to the

redactions for the exhibits to the Specht Declaration. Plaintiffs must comply with this order by **July 29, 2024.**

DATED: June 28, 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE