Paul S. Padda
NV Bar No. 10417
PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, NV 89103
Tel: 702.366.1888
psp@paulpaddalaw.com

Paul J. Lukas, MN Bar No. 22084X*
lukas@nka.com
Brock J. Specht, MN Bar No. 0388343*
bspecht@nka.com
Benjamin J. Bauer, MN Bar No. 0398853*
bbauer@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

*admitted pro hac vice

ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DANNY WANEK, JUAN DUARTE, and RICK RUBERTON, as representatives of a class of similarly situated persons, and on behalf of the Caesars Entertainment Corporation Savings & Retirement Plan,<br><br>    Plaintiffs<br><br>  v.<br><br>RUSSELL INVESTMENTS TRUST COMPANY, CAESARS HOLDINGS, INC., THE PLAN INVESTMENT COMMITTEE, and THE 401(K) PLAN COMMITTEE.<br><br>    Defendants | **Case No. 2:21-cv-00961-CDS-BNW**<br><br>**STIPULATION AND ORDER ACCEPTING STIPULATION REGARDING CLASS CERTIFICATION**<br><br>[ECF No. 192] |

WHEREAS, Plaintiffs Danny Wanek, Juan Duarte, and Rick Ruberton, ("Plaintiffs") have filed a Fifth Amended Complaint (ECF No. 175) on behalf of the Caesars Entertainment Corporation Savings & Retirement Plan ("Plan") against Defendants Russell Investments Trust Company ("Russell"), Caesars Holdings, Inc., the Plan Investment Committee, and the 401(k) Plan Committee ("Defendants") (collectively, the "Parties"), alleging class action claims under the Employee Retirement Security Act of 1974 ("ERISA");

WHEREAS, Plaintiffs filed their renewed Motion for Class Certification on August 9, 2024 (ECF No. 187); and

WHEREAS, the Parties have met and conferred regarding streamlining the litigation for purposes of the efficient management of the litigation and agree to stipulate to the certification of the class, as described below;

THE PARTIES HEREBY STIPULATE AND AGREE, SUBJECT TO THE COURT'S APPROVAL, AS FOLLOWS:

1. The following class ("Class") shall be certified:

   All participants and beneficiaries of the Plan at any time from August 1, 2017 through December 17, 2021, excluding any employees of Caesars with responsibility for the Plan's investment or administrative functions.

2. The class is numerous, as the Plan had tens of thousands of participants during the class period who were invested in the Russell Funds.

3. There are common issues respecting the claims alleged in the Fifth Amended Complaint relating to (among other things): (a) which Defendants served as Plan fiduciaries; (b) whether the Plan's fiduciaries breached their fiduciary duties in violation of 29 U.S.C. § 1104; and (c) the relief, if any, that may be appropriate in this case.

4. The alleged claims of Plaintiffs are typical of the alleged claims of the other class members as the Plaintiffs participated in the Plan during the class period and they allege they suffered the same or similar injury as other class members based on Defendants' alleged conduct.

5. Plaintiffs declare that they are committed to fairly, adequately, and vigorously representing and protecting the interests of the members of the Class, and the parties and counsel

are not currently aware of any conflicts that might compromise the Plaintiffs' interests in pursuing the claims on behalf of the Class. Plaintiffs also have retained competent and experienced class counsel who are adequate to represent the class (*i.e.*, Nichols Kaster, PLLP and Paul Padda Law, PLLC). *See Moreno v. Deutsche Bank Americas Holding Corp.*, 2017 WL 3868803, at *11 (S.D.N.Y. Sept. 5, 2017) ("Plaintiffs' counsel are experienced litigators who serve as class counsel in ERISA actions involving defined-contribution plans").

6.  Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(B) because adjudications with respect to the common issues identified in Paragraph 2 as to individual class members, as a practical matter, would be dispositive of the interests of the other persons not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests relating to those issues.

7.  Class certification has been granted in several other ERISA cases involving defined contribution plans, including numerous cases in this Circuit. See, e.g., *Mattson v. Milliman, Inc.*, No. 22-0037-TSZ, ECF No. 106 (W.D. Wash. Oct. 6, 2023); *Lauderdale v. NFP Retirement, Inc.*, 2022 WL 1599916 (C.D. Cal. Feb. 16, 2022)*; Baird v. Blackrock Inst. Tr. Co., N.A.*, 2020 WL 7389772, at *13 (N.D. Cal. Feb. 11, 2020); *Hurtado v. Rainbow Disposal Co.,* 2019 WL 1771797, at *1 (C.D. Cal. Apr. 22, 2019); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2017 WL 2655678 (C.D. Cal. June 15, 2017); *In re Northrop Grumman Corp. ERISA Litig.*, 2011 WL 3505264 (C.D Cal. Mar. 29, 2011); *Tibble v. Edison Int'l*, 2009 WL 6764541, at *2–4 (C.D. Cal. June 30, 2009); *Kanawi v. Bechtel Corp.,* 254 F.R.D. 102 (N.D. Cal. 2008); *In re: Syncor ERISA Litig.*, 227 F.R.D. 338 (C.D. Cal. 2005).

8.  Similar stipulations regarding class certification also have been approved in other ERISA cases involving defined contribution plans. *See, e.g., Mills v. Molina Healthcare, Inc.,* No. 2:22-cv-01813, ECF No. 127 (C.D. Cal. Jan. 17, 2023); *Williams v. Centerra Group, LLC.,* No. 1:20-cv-04220-SAL, ECF 175 (D.S.C. June 20, 2023); *Berry v. FirstGroup America, Inc.,* No. 1:18-cv-00326, Dkt. No. 92 (S.D. Ohio Sep. 8, 2022); *Turner v. Schneider Elec. Holdings, Inc.*, No. 1:20-cv-11006, Dkt. No. 72 (D. Mass. Aug. 27, 2021); *Reetz v. Lowe's Companies, Inc.*, No. 5:18-cv-00075, Dkt. No. 97 (W.D.N.C. Nov. 5, 2020); *Moitoso v. FMR LLC*, No. 1:18-cv-12122,

Dkt. No. 83 (D. Mass. May 7, 2019); *Velazquez v. Mass. Fin. Srvs. LLC*, No. 1:17-cv-11249, Dkt. No. 94 (D. Mass. June 25, 2019); *Pledger v. Reliance Tr. Co.*, No. 1:15-cv-4444, Dkt. No. 101 (N.D. Ga. Nov. 7, 2017).

9. Nothing in this Stipulation prejudices any party's ability to seek relief under Rule 23(c)(1)(C) at any time "before final judgment," based on a good faith belief in a change in circumstances from the present circumstances that are known or reasonably should be known by any party, that the Class no longer satisfies the requirements of Rule 23(a) or (b)(1) or restricts the Court's authority to "alter[] or amend[]" an order granting class certification at any time "before final judgment." Fed. R. Civ. P. 26(c)(1)(C). In addition, this Stipulation is without prejudice to any party's ability to challenge class certification or seek any other form of relief if Plaintiffs amend their Fifth Amended Complaint. Such relief may include, without limitation, decertification, modification of the Class definition, or certification of sub-classes. Further, this provision does not preclude the parties from jointly proposing a modified Class definition in connection with any proposed settlement.

10. This Stipulation is solely for the purpose of resolving class certification in this action and, except as expressly provided herein, is without prejudice to any party's legal and equitable rights and defenses in this action.

\*       \*       \*

Accordingly, the Parties respectfully request that the Court approve this Stipulation and Order and certify the proposed Class.

| | |
|---|---|
| Dated: August 22, 2024 | Dated: August 22, 2024 |
| NICHOLS KASTER, PLLP | MAYER BROWN LLP |
| */s/ Benjamin J. Bauer* | */s/ D. Matthew Moscon* |
| Paul J. Lukas, Esq. *(admitted pro hac vice)* | D. Matthew Moscon *(admitted pro hac vice)* |
| Brock J. Specht, Esq. *(admitted pro hac vice)* | 201 South Main Street, Suite 1100 |
| Benjamin J. Bauer, Esq. *(admitted pro hac vice)* | Salt Lake City, UT 84111 |
| 4700 IDS Center | Telephone: (801) 907-2703 |
| 80 S. 8th Street | mmoscon@mayerbrown.com |
| Minneapolis, MN 55402 | |
| Telephone: (612) 256-3200 | MAYER BROWN LLP |
| | Nancy G. Ross (*admitted pro hac vice*) |
| PAUL PADDA LAW, PLLC | 71 South Wacker Drive |
| Paul S. Padda, Esq. | Chicago, IL 60606 |
| 4560 South Decatur Blvd., Suite 300 | Telephone: (312) 782-0600 |
| Las Vegas, NV 89103 | nross@mayerbrown.com |
| Telephone: (702) 366-1888 | |
| *Attorneys for Plaintiff* | LITTLER MENDELSON P.C. |
| | Patrick H. Hicks, Esq. Bar. No. 004632 |
| | Diana G. Dickinson, Esq. Bar No. 13477 |
| | 3960 Howard Hughes Parkway, Suite 300 |
| | Las Vegas, Nevada 89169-5937 |
| | Telephone: (702) 862-8800 |
| | phicks@littler.com |
| | ddickinson@littler.com |
| | |
| | *Attorneys for Defendant Caesars Holdings, Inc., the Plan Investment Committee, and the 401(k) Plan Committee* |
| | |
| | MILBANK LLP |
| | */s/ Robert C. Hora* |
| | Sean M. Murphy, Esq. *(admitted pro hac vice)* |
| | Robert C. Hora, Esq. *(admitted pro hac vice)* |
| | 55 Hudson Yards |
| | New York, NY 10001 |
| | Telephone: (212) 530-5000 |
| | |
| | PARSONS, BEHLE & LATIMER |
| | Rew R. Goodenow, Esq. NSBN 3722 |
| | Michael R. Kealy, Esq. NSBN 971 |
| | 50 West Liberty Street, Suite 750 |
| | Reno, NV 89501 |
| | Telephone: (775) 323-1601 |
| | |
| | *Attorneys for Defendant Russell Investments Trust Company* |

It is ordered,

Based on the foregoing stipulation regarding class certification, the court finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(1) are satisfied, and hereby certifies the following class: All participants and beneficiaries of the Plan at any time from August 1, 2017 through December 17, 2021, excluding any employees of Caesars with responsibility for the Plan's investment or administrative functions.

Plaintiffs' motions to certify class [ECF No. 179] and [ECF No. 187] are denied as moot.

Dated: August 29, 2024

_____
Cristina D. Silva
United States District Judge