UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Danny Wanek, et al.,

Plaintiffs

v.

Russell Investments Trust Company, et al.,

Defendants

Case No. 2:21-cv-00961-CDS-BNW

**Order Rejecting Proposed
Joint Pretrial Order**

[ECF No. 250]

On November 24, 2025, the parties submitted a proposed joint pretrial order. JPTO, ECF No. 250. While the proposed JTPO generally comports with Local Rules 16-3 and 16-4, the parties' list of deposition designations and cross-objections require that it be rejected.

First, the parties attached over 50 pages of objections and cross-objections to deposition designations. *See* ECF No. 250-5 at 4-54; ECF No. 250-6 at 4-21. The parties expect trial to last ten days, but it would require the court to spend at least an equal amount of time resolving the parties' objections. This is particularly true given that the parties seemingly lodge objections to deposition designations that would contravene Rule 32 of the Federal Rules of Civil Procedure. This is unacceptable. Either a party will be available or not. If they are, and the parties seek to use their deposition testimony, then it goes without saying that it must comport with Rule 32, so these objections are unnecessary. The over-inclusion, or perhaps unnecessary identification of objections, suggests that the parties failed to engage in a meaningful, personal discussion as required by Local Rule 16-3(b).

Second, Local Rule 16-3(b)(8) requires parties to list their trial exhibits and describe them "sufficiently for ready identification[.]" Although the parties complied with the rule in that they provided a list of their exhibits and sufficiently identified them, both parties submitted proposed exhibit lists with 500 or more proposed exhibits. *See* ECF No. 250-3; ECF No. 250-4. In fact, the defendants' proposed exhibit list appears to exceed 1,400 exhibits. The court

struggles to see how the parties engaged in meaningful meet and confer about exhibits given the sheer number identified. The court also seriously doubts the parties' ability to present this case in ten days with 2,000 or more exhibits.

Consequently, the parties' proposed order is rejected. The parties are reminded that the rules are designed to streamline trial preparation and presentation. The parties are ordered to resolve all disputes, except the most complex disputes, amongst themselves before resubmitting a second proposed joint pretrial order.

**Conclusion**

IT IS HEREBY ORDERED that the parties' proposed joint pretrial order **[ECF No. 250] is REJECTED**. A second proposed joint pretrial order is due by February 9, 2026.

Dated: January 30, 2026

_____
Cristina D. Silva
United States District Judge