D. Matthew Moscon (*admitted pro hac vice*)
Malori McGill Fery (*admitted pro hac vice*)
**MAYER BROWN LLP**
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 907-2703
mmoscon@mayerbrown.com
mmcgillfery@mayerbrown.com

Nancy G. Ross (*admitted pro hac vice*)
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
nross@mayerbrown.com

Alex C. Lakatos (*admitted pro hac vice*)
**MAYER BROWN LLP**
1999 K Street N.W.
Washington, DC 20006-1101
202-263-3000
alakatos@mayerbrown.com

Patrick H. Hicks, Esq. Bar. No. 004632
Diana G. Dickinson, Esq. Bar No. 13477
**LITTLER MENDELSON P.C.**
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV 89169-5937
Telephone: (702) 862-8800
phicks@littler.com
ddickinson@littler.com

*Attorneys for Defendants Caesars Holdings, Inc.,*
*the Plan Investment Committee, and the*
*401(k) Plan Committee*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Danny Wanek, Juan Duarte, and Rick Ruberton, as representatives of a class of similarly situated persons, on behalf of the Caesars Entertainment Corporation Savings & Retirement Plan,<br><br>Plaintiffs,<br><br>v.<br><br>Russell Investments Trust Company, Caesars Holdings, Inc., the Plan Investment Committee, and the 401(k) Plan Committee,<br><br>Defendants. | Case No. 2:21-cv-00961-CDS-BNW<br><br>**CAESARS DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT OR TO SEVER CLAIMS** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants Caesars Holdings Inc., the Plan Investment Committee, and the 401(k) Plan Committee (collectively, the "Caesars Defendants") hereby move this Court pursuant to Federal Rule of Civil Procedure 54(b) for entry of final judgment in their favor. Alternatively, the Caesars Defendants move the Court to sever their claims from those against Russell Investments Trust Company pursuant to Federal Rule of Civil Procedure 21.

This motion is made based on the accompanying Memorandum of Points and Authorities, the Court's prior rulings, and all other papers, pleadings, documents, and materials filed in this action.

Dated: <u>February 11, 2026</u>                    Respectfully submitted,

                                    /s/ D. Matthew Moscon

**MAYER BROWN LLP**
Nancy G. Ross (*admitted pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
nross@mayerbrown.com

D. Matthew Moscon (*admitted pro hac vice*)
Malori McGill Fery (*admitted pro hac vice*)
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 907-2703
mmoscon@mayerbrown.com
mmcgillfery@mayerbrown.com

**LITTLER MENDELSON P.C.**
Patrick H. Hicks, Esq. Bar. No. 004632
Diana G. Dickinson, Esq. Bar No. 13477
3960 Howard Hughes Parkway, Suite 300
Las Vegas, Nevada 89169-5937
Telephone: (702) 862-8800
phicks@littler.com
ddickinson@littler.com

*Attorneys for Defendants Caesars Holdings, Inc., the Plan Investment Committee, and the 401(k) Plan Committee*

i

## TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................................ 1

II.    BACKGROUND .............................................................................................................. 2

III.   ARGUMENT ................................................................................................................... 3

    A.     THE COURT SHOULD ENTER FINAL PARTIAL JUDGMENT TO
    ACHIEVE FINALITY FOR THE CAESARS DEFENDANTS. ......................... 3

    B.     ALTERNATIVELY, SEVERANCE OF PLAINTIFFS' CLAIMS
    AGAINST THE CAESARS DEFENDANTS IS WARRANTED. ....................... 6

IV.    CONCLUSION ................................................................................................................. 8

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beverly Hills Reg.'l Ctr., L.P. v. Aetna Life Ins.*,
 2022 WL 19432590 (C.D. Cal. Nov. 14, 2022)..................................................................7

*Campos v. Fresno Deputy Sheriff's Assoc.*,
 535 F. Supp. 3d 913 (E.D. Cal. 2021)..............................................................................7

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
 446 U.S. 1 (1980)....................................................................................................1, 3, 4

*Est. of Mejia v. United States*,
 2023 WL 2994114 (S.D. Cal. Apr. 18, 2023)....................................................................5

*Goff v. Arizona*,
 2021 WL 1031833 (D. Ariz. Feb. 9, 2021)........................................................................6

*Gonzales v. Wal-Mart Stores, Inc.*,
 2014 WL 2591690 (D. Nev. May 22, 2014)......................................................................6

*Noel v. Hall*,
 568 F.3d 743 (9th Cir. 2009) ...........................................................................................4

*Peters v. Roberts Markel, PC*,
 2012 WL 5383396 (D. Haw. Oct. 31, 2012) ....................................................................6

*Plong v. BM Realestate Servs. Inc.*,
 2022 WL 22871445 (C.D. Cal. Aug. 9, 2022)..................................................................5

*Rice v. Sunrise Express, Inc.*,
 209 F.3d 1008 (7th Cir. 2000) ......................................................................................1, 6

*Rinky Dink, Inc. v. Elec. Merch. Sys.*,
 2015 WL 11234154 (W.D. Wash. Mar. 24, 2015) ...........................................................5

*Sears, Roebuck & Co. v. Mackey*,
 351 U.S. 427 (1956)..........................................................................................................3

*SEC v. Leslie*,
 2010 WL 2991038 (N.D. Cal. July 29, 2010)................................................................1, 6

*W. Watersheds Project v. Bernhardt*,
 2019 WL 3022188 (D. Idaho July 9, 2019).......................................................................7

iii

**Statutes**

29 U.S.C. § 1105(d)(1) ..........................................................................................................2

ERISA § 3(38) .......................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 21 .................................................................................................................6

Fed. R. Civ. P. 54(b) .........................................................................................................3, 6

iv

## I.   INTRODUCTION

This Court granted summary judgment in favor of Defendants Caesars Holdings, Inc. ("Caesars"), the Plan Investment Committee, and the 401(k) Plan Committee (the "Committee" and, together with Caesars, the "Caesars Defendants"), finding that the Committee's process for selecting, hiring, and monitoring Russell Investments Trust Company ("Russell") was prudent as a matter of law. Order Regarding Defendants' Motions for Summary Judgment and Motions to Seal ("MSJ Order"), ECF No. 241, at 13. As a result of that order, there are no remaining or unadjudicated claims against the Caesars Defendants. However, no final judgment has been entered because the Court declined to also grant summary judgment in favor of Russell, a separate defendant whom Plaintiffs Danny Wanek, Juan Duarte, and Rick Ruberton ("Plaintiffs") also sued in this action.

Plaintiffs' claims against Russell will be resolved through a trial. But there is no just reason to delay entry of final judgment as to Plaintiffs' claims against the Caesars Defendants while awaiting a final judgment from that trial. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) ("It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." (citations omitted)). Among the other reasons discussed below, final judgment as to the Caesars Defendants is warranted because the Caesars Defendants have an interest in finality and because entering final judgment will not prejudice Plaintiffs. Alternatively, severance of Plaintiffs' claims against the Caesars Defendants from those against Russell is warranted to ensure the prompt resolution of the claims against the Caesars Defendants. *See SEC v. Leslie*, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) ("As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." (quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000))).

For the reasons discussed herein, the Caesars Defendants respectfully request that the Court grant the motion.

1

## II.    BACKGROUND

Plaintiffs initiated this action against Russell and the Caesars Defendants for alleged breaches of fiduciary duties pursuant to the Employee Retirement Income Security Act ("ERISA") in May 2021. *See* Compl., ECF No. 1. Caesars sponsors the Caesars Entertainment Corporation Savings & Retirement Plan (the "Plan"), which provides retirement benefits to over 40,000 current and former Caesars' employees. MSJ Order at 2. Caesars appointed the Committee to serve as the Plan's fiduciary, meaning the Committee had the authority to select and remove investments from the Plan and to outsource its duties to an "investment manager" pursuant to ERISA § 3(38). *Id.* at 3–4. Pursuant to that authority, in 2016 the Committee hired Russell to serve as its 3(38) investment manager, and in August 2017, Russell "assumed control of the Plan's investment menu." *Id.* at 5. Plaintiffs alleged that Russell breached its ERISA fiduciary duties of loyalty and prudence by replacing the Plan's investment menu with certain Russell funds. *Id.* at 7. Separately, Plaintiffs claimed that the Caesars Defendants breached their duty of prudence in hiring Russell and by failing to monitor Russell. *Id.*

Plaintiffs' claims against Russell and the Caesars Defendants have remained distinct throughout the litigation. At the motion-to-dismiss stage, this Court held that any claims against the Caesars Defendants premised on co-fiduciary liability for Russell's acts and omissions were barred as matter of law because federal law permitted the Committee to delegate its fiduciary obligations with respect to the Plan's investments to a professional investment manager, such as Russell. 29 U.S.C. § 1105(d)(1) ("no [appointing fiduciary] shall be liable for the acts or omissions of such investment manager"); Order Denying RITC's Motion to Dismiss, Granting in Part and Denying in Part the Caesars Defendants' Motion to Dismiss ("MTD Order"), ECF No. 109 at 20. Although the Court dismissed the co-fiduciary claim against the Caesars Defendants, it denied the Caesars Defendants' request to dismiss the imprudence claim against them. Thereafter, discovery proceeded on the imprudence claim. Once discovery was completed, the Caesars Defendants filed a motion for summary judgment, seeking judgment in their favor on the remaining claim against them. On September 25, 2025, the Court granted the Caesars Defendants' motion for summary

2

judgment. MSJ Order at 13. In granting summary judgment, this Court held that Plaintiffs' claims against the Caesars Defendants failed as a matter of law, finding that the Committee (1) "exercised prudence in Russell's hiring," (2) "outsourced its investment selection authority to Russell," (3) was prudent in "trust[ing] Russell's initial investment menu," and (4) prudently monitored Russell throughout Russell's tenure. *Id.* at 13–15. At the same time, the Court denied Russell's motion for summary judgment. Plaintiffs and Russell proposed dates for a 10-day trial sometime during 2026. *See* Joint Pretrial Order, ECF No. 252 at 15–16. Recently, the Court ordered those remaining parties to resolve their various, outstanding disputes, and the parties filed a revised joint pretrial order. *See* Order Rejecting Proposed Pretrial Order, ECF No. 251; *see also* ECF No. 252. No trial date has been set as of the filing of this motion.

## III.    ARGUMENT

### A.    THE COURT SHOULD ENTER FINAL PARTIAL JUDGMENT TO ACHIEVE FINALITY FOR THE CAESARS DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties" "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). When deciding whether to issue a final judgment under this rule, a district court "must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Second, the court "must go on to determine whether there is any just reason for delay." *Id.* at 8. "[I]n deciding whether there are no just reasons to delay . . . a district court must take into account judicial administrative interests as well as the equities involved," but ultimately the decision "is left to the sound judicial discretion of the district court." *Id.* Both elements for applying Rule 54(b) are satisfied here, and the Court should enter final judgment as to the Caesars Defendants.

3

First, the Court's order granting summary judgment in the Caesars Defendants' favor is final because it is "an ultimate disposition" of all of Plaintiffs' claims against the Caesars Defendants. *See* MSJ Order at 15; *Curtiss-Wright Corp.*, 446 U.S. at 7. Although Plaintiffs' claims against Russell are ongoing, nothing in the remaining litigation of those claims will affect the disposition of the claims as to the Caesars Defendants. *See* MSJ Order at 15 (finding no genuine issue of material fact and granting summary judgment).

Second, there is no just reason to delay entry of final judgment in the Caesars Defendants' favor. Most importantly, the Caesars Defendants have an interest in the finality of the judgment entered in their favor and should not have to await further litigation that does not implicate their liability. The Court's most recent order rejecting Plaintiffs' and Russell's proposed pretrial order suggests that those parties have significant disputes left to resolve prior to trial, and the Caesars Defendants should not be forced to wait for that resolution. In addition, Plaintiffs' claims against the Caesars Defendants are "separable" from the remaining claims against Russell. Russell's alleged liability has always been separate from any liability that the Caesars Defendants allegedly faced because, as this Court ruled, the Caesars Defendants could only ever be liable for the "selection and monitoring of [Russell]"—an issue unrelated to Russell's performance as investment manager and their selection of funds for the Plan. MTD Order at 22. In this way, a final judgment in favor of the Caesars Defendants does not risk piecemeal litigation or inconsistent rulings. *Curtiss-Wright Corp.*, 446 U.S. at 8, n.2.

*Noel v. Hall*, 568 F.3d 743 (9th Cir. 2009), is instructive. There, the Ninth Circuit held that entry of a partial final judgment was warranted where summary judgment disposed of the case between the plaintiff and one defendant because entering partial judgment would "free[]" the meritorious defendant "from further unduly burdensome litigation." *Id.* at 747 (citations omitted). Likewise here, the Court's summary judgment order dismissed all of Plaintiffs' claims against the Caesars Defendants and there is no remaining role for the Caesars Defendants in the litigation. *See* MSJ Order at 15. But without a final judgment in their favor, the Caesars

4

Defendants will be forced to monitor the litigation, including Plaintiffs' and Russell's ongoing pretrial disputes, and continue to incur costs in doing so. Instead, the most just route is for the Caesars Defendants to be freed from "further unduly burdensome litigation" as the dispute between Plaintiffs and Russell continues. Courts throughout the Ninth Circuit have entered final judgments in precisely this scenario. *See, e.g.*, *Plong v. BM Realestate Servs. Inc.*, 2022 WL 22871445, at *3 (C.D. Cal. Aug. 9, 2022) (holding that "the equities favor granting a separate judgment" because "further delay in the entry of judgment would prejudice those [dismissed] parties, as they would be required to wait for the resolution of the ongoing litigation against the remaining defendants before they could exit the lawsuit" (citations omitted)); *Est. of Mejia v. United States*, 2023 WL 2994114, at *3 (S.D. Cal. Apr. 18, 2023) (granting partial final judgment for some defendants because "[h]aving to monitor the case, report the litigation, and continue to incur costs associated with the case weigh in favor of granting final judgment").

Further, Plaintiffs' remaining claims against Russell are premised on an entirely distinct factual basis than their claims against the Caesars Defendants, so there is no risk of prejudice to Plaintiffs, such as piecemeal appeals, when the Court enters final judgment as to the Caesars Defendants. Plaintiffs' claims against Russell center on their allegations that Russell replaced the Plan's investment options with "inferior Russell funds," a so-called "self-serving swap." MSJ Order at 7. And Plaintiffs proffer that Russell's funds underperformed the Plan's prior funds by up to 3% per year. *Id.* In contrast, Plaintiffs' claims against the Caesars Defendants focused on the Committee's process for selecting Russell as the Plan's investment manager and its monitoring of Russell after it was hired. *Id.* at 8; *see also id.* at 9 ("The plaintiffs claim that . . . Russell breached the duties of loyalty and prudence in selecting Russell funds over higher-performing funds for the Plan, and that the Caesars defendants breached their duty of prudence in hiring and retaining Russell as the Plan's investment manager."). So despite the fact that the allegations against Russell and the Caesars Defendants arose within the same chain of events, the remaining claims against Russell are premised on an entirely distinct factual—and legal—basis. Courts routinely grant final judgment in scenarios such as that. *See, e.g.*, *Rinky Dink, Inc. v. Elec. Merch. Sys.*, 2015 WL

5

11234154, at *1 (W.D. Wash. Mar. 24, 2015) (entering final judgment for defendant who succeeded on summary judgment, while claims against remaining defendants awaited further litigation or trial); *Goff v. Arizona*, 2021 WL 1031833, at *2 (D. Ariz. Feb. 9, 2021) (granting partial final judgment under Rule 54(b) for one defendant "although there are certain common facts").

In sum, the Court should enter final judgment for the Caesars Defendants because there is no just reason for delay. The remaining claims against Russell arise from a separate legal and factual basis, and forcing the Caesars Defendants to remain parties to this litigation, while incurring costs in monitoring the proceedings, is not warranted. The Court should grant the Caesars Defendants' motion for entry of final partial judgment.

### B.   ALTERNATIVELY, SEVERANCE OF PLAINTIFFS' CLAIMS AGAINST THE CAESARS DEFENDANTS IS WARRANTED.

Alternatively, the Court should sever Plaintiffs' claims against the Caesars Defendants from those against Russell. Pursuant to Federal Rule of Civil Procedure 21, the Court may "sever any claim against a party" at any time. Fed. R. Civ. P. 21. And "[o]nce a claim has been severed under Rule 21, it proceeds as a discreet unit with its own final judgment, from which an appeal may be taken." *Peters v. Roberts Markel, PC*, 2012 WL 5383396, at *5 (D. Haw. Oct. 31, 2012) (internal quotations and citations omitted). District courts have "broad discretion in determining whether to sever a party," *Gonzales v. Wal-Mart Stores, Inc.*, 2014 WL 2591690, at *3 (D. Nev. May 22, 2014), *report and recommendation adopted*, 2014 WL 2591499 (D. Nev. June 10, 2014), and "[a]s long as there is a discrete and separate claim, [a] district court may exercise its discretion and sever it," *SEC v. Leslie*, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) (quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)).

When assessing whether to sever claims under Rule 21, courts have considered factors such as whether "the claims arise out of the same transaction or occurrence"; "the claims present some common questions of law or fact"; "settlement of the claims or judicial economy would be facilitated"; "prejudice would be avoided if severance were granted"; and "different witnesses and

6

documentary proof are required for the separate claims." *Beverly Hills Reg.'l Ctr., L.P. v. Aetna Life Ins.*, 2022 WL 19432590, at *13 (C.D. Cal. Nov. 14, 2022) (collecting cases); *see also Campos v. Fresno Deputy Sheriff's Assoc.*, 535 F. Supp. 3d 913, 928 (E.D. Cal. 2021) ("A severance may be justified by various considerations, including avoiding undue delay or prejudice to the parties, whether there are significantly different factual situations or legal questions, whether the claims are otherwise logically distinct, or whether severance will serve the ends of justice and further the prompt and efficient disposition of litigation." (internal citations omitted)). These factors weigh in favor of severing the adjudicated claims against the Caesars Defendants from the remaining claims against Russell.

First, Plaintiffs' claims against Russell and the Caesars Defendants arise from distinct factual allegations, despite any relatedness. As explained, Plaintiffs' theory against the Caesars Defendants hinged solely on allegations related to the Committee's selection and monitoring of Russell as the Plan's 3(38) investment manager. MSJ Order at 7; *see supra,* pg. 5. Measuring liability for the Caesars Defendants was based purely on the Caesars Defendants' *own* conduct, not Russell's. Indeed, Plaintiffs' theory against the Caesars Defendants involved distinct evidence at summary judgment, which the Court has already concluded "indicate[d] no genuine issue of material fact." *Id.* at 15. In contrast, Plaintiffs' theory against Russell focuses on Russell's role as investment manager for the Plan—namely, its selection of allegedly underperforming Russell funds for the Plan for reasons that were allegedly not in the best interest of Plan participants. At trial on that theory, there will be no testimony involving the Caesars Defendants' conduct. And as this Court already decided, the Caesars Defendants cannot be held liable under any theory of co-fiduciary liability, so testimony involving Russell's conduct cannot impact the claims against the Caesars Defendants. *Supra*, pg. 2.

In addition, severing the claims against the Caesars Defendants will promote an expeditious resolution and avoid prejudice against the Caesars Defendants. *W. Watersheds Project v. Bernhardt*, 2019 WL 3022188, at *3 (D. Idaho July 9, 2019) ("[T]he court . . . may sever claims

7

for purposes of convenience, to avoid prejudice, or to promote the expeditious resolution of the litigation." (citations omitted)). Severing the adjudicated claims against the Caesars Defendants will promote an expeditious resolution by finalizing the Court's dispositive ruling as to those claims. It also will avoid any undue prejudice to the Caesars Defendants from prolonging their involvement in the litigation and incurring costs in doing so.

Altogether, severing the resolved claims against the Caesars Defendants from those pending against Russell is warranted to expedite the final resolution in the Caesars Defendants' favor. Severing the claims will also free the Caesars Defendants from monitoring this litigation and Plaintiffs' and Russell's ongoing disputes, and avoid any related prejudice. The remaining claims against Russell arise from different facts and there is no risk that severance will prolong or otherwise impede the upcoming trial. Accordingly, if the Court is not inclined to enter final judgment, it should sever the Caesars Defendants' claims from the remaining claims against Russell.

IV.   CONCLUSION

For the reasons stated herein, the Court should grant the Caesars Defendants' motion for entry of final judgment in their favor or, alternatively, sever their claims from the claims left to be adjudicated against Russell.

8

Dated: February 11, 2026

Respectfully submitted,

*/s/ D. Matthew Moscon*

**MAYER BROWN LLP**

D. Matthew Moscon (*admitted pro hac vice*)
Malori McGill Fery (*admitted pro hac vice*)
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 907-2703
mmoscon@mayerbrown.com
mmcgillfery@mayerbrown.com

Nancy G. Ross (*admitted pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
nross@mayerbrown.com

Alex C. Lakatos (*admitted pro hac vice*)
1999 K Street N.W.
Washington, DC 20006-1101
Telephone: (202) 263-3000
alakatos@mayerbrown.com

**LITTLER MENDELSON P.C.**

Patrick H. Hicks, Esq. Bar. No. 004632
Diana G. Dickinson, Esq. Bar No. 13477
3960 Howard Hughes Parkway, Suite 300
Las Vegas, Nevada 89169-5937
Telephone: (702) 862-8800
phicks@littler.com
ddickinson@littler.com

*Attorneys for Defendants Caesars Holdings, Inc., the Plan Investment Committee, and the 401(k) Plan Committee*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2026, I caused a true and correct copy of the foregoing **CAESARS DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT OR TO SEVER CLAIMS** to be served via the Court's electronic filing system upon all counsel of record in this matter.

/s/ Malori McGill Fery

1