UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Danny Wanek, et al.,<br>Plaintiffs<br>v.<br>Russell Investments Trust Company, et al.,<br>Defendants | Case No. 2:21-cv-00961-CDS-BNW<br>**Order Granting Caesars Defendants' Motion for Entry of Final Judgment**<br>[ECF No. 253] |

In 2025, this court granted summary judgment in favor of the Caesars Defendants[1] but declined to grant summary judgment in favor of defendant Russell Investment Trust Company. Order, ECF No. 241. As such, the only remaining claims are against Russell, not the Caesars defendants. Now, to ensure prompt resolution of the claims against the Caesars Defendants, the Caesars Defendants seek an entry of final judgment or, alternatively, severance of the plaintiffs' claims against the Caesars Defendants from those against Russell. ECF No. 253 at 2. Russell filed a response taking no position on that motion, Russell resp., ECF No. 258, and the plaintiffs filed a response opposing the motion, Pl.'s resp., ECF No. 259. For the reasons stated herein, I grant the motion for entry of final judgment.

## I. Legal standard

"When the district court dismisses claims against one of a number of parties, it has discretion to 'direct the entry of a final judgment as to that party only if the court expressly determines that there is no just reason to delay.'" *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (citation modified) (quoting Fed. R. Civ. P. 54(b)). To reach such a determination, the court must first find that "it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim

[1] The "Caesars Defendants" include defendants Caesars Holdings, Inc.; the Plan Investment Committee; and the 401(k) Plan Committee.

for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quotation omitted). Then, the court must find that there is no just reason for delay, taking "into account judicial administrative interests as well as the equities involved." *Id.* at 8. "Consideration of the former is necessary to assure that application of [Rule 54(b)] effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.*

**II. Discussion**

Here, I find that there is a final judgment, and that there is no reason to delay entry of that final judgment. This is because the court's summary judgment order dismissed all of the plaintiffs' claims against the Caesars Defendants, so there is no remaining role for the Caesars Defendants in this litigation. By delaying the entry of a final judgment in their favor, the Caesars Defendants would be forced to stay involved in a dispute that only exists between the plaintiffs and Russell.

The plaintiffs argue that "granting final judgment will not create the sort of clean break that a Rule 54(b) motion is designed to accomplish because the claims against the Caesars Defendants are inseparable from the claims against Russell." ECF No. 259 at 5. They contend that their claims against Russell for breach of the duty of loyalty and prudence are intertwined with their claims against the Caesars Defendants for breach of the duty of prudence and co-fiduciary liability. *Id.* I disagree. The plaintiffs' remaining claims against Russell have a distinct factual basis compared to the claims against the Caesars Defendants. Specifically, the plaintiffs' claims against Russell turn on Russell's swap of the Plan's investment options with Russell's own funds. *See* ECF No. 241 at 7. Conversely, the plaintiffs' claims against the Caesars Defendants turned on the Committee's process for selecting and monitoring Russell as the Plan's investment manager. *Id.* at 7–8.

In sum, there is no reason to delay entering final judgment in favor of the Caesars Defendants, so their motion is granted.

**III. Conclusion**

IT IS THEREFORE ORDERED that the Caesars' Defendants' motion for entry of final judgment **[ECF No. 253] is GRANTED.**

The Clerk of Court is kindly directed to (1) enter final judgment in favor of Caesars Holdings, Inc., the Plan Investment Committee, and the 401(k) Plan Committee against the plaintiffs, including the class participants; and (2) terminate Caesars Holdings, Inc., the Plan Investment Committee, and the 401(k) Plan Committee from this case.

Dated: September 25, 2026

_______________________________
Cristina D. Silva
United States District Judge