Paul S. Padda
NV Bar No. 10417
PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, NV 89103
Tel: (702) 366- 1888
psp@paulpaddalaw.com

Brock J. Specht, MN Bar No. 0388343*
bspecht@nka.com
Matthew H. Morgan, MN Bar No. 0304657*
morgan@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

* LR IA 11-2 petition approved

ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Danny Wanek, Juan Duarte, and Rick Ruberton, as representatives of a class of similarly situated persons, and on behalf of the Caesars Entertainment Corporation Savings & Retirement Plan,<br><br>Plaintiffs,<br><br>v.<br><br>Russell Investments Trust Company, Caesars Holdings Inc., the Plan Investment Committee, and the 401(k) Plan Committee,<br><br>Defendants. | **Case No. 2:21-cv-00961-CDS-BNW**<br><br>**DECLARATION OF BROCK J. SPECHT IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Brock J. Specht, declare and state as follows:

1. I am a partner at Nichols Kaster, PLLP ("Nichols Kaster"), and am one of the attorneys representing Danny Wanek, Juan Duarte, and Rick Ruberton ("Plaintiffs") and the certified class in the above-captioned action. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

**Settlement Overview**

2. Attached as **Exhibit 1** is a true and correct copy of the proposed Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement"). The Settlement resolves Plaintiffs' class action claims in this matter against Russell Investments Trust Company ("Russell") related to the Caesars Entertainment Corporation Savings & Retirement Plan (the "Plan"). For the reasons set forth herein and in the accompanying Memorandum of Law, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and that the Court should preliminarily approve the Settlement.

3. Under the terms of the proposed Settlement, Russell will pay a Gross Settlement Amount[1] of $14,800,000 into a common fund for the benefit of the Settlement Class. Based on the damages models prepared by our expert, this amount represents between 15%–36% of the Plan's estimated losses, depending on which of the proposed damages models is used.

4. In the absence of a settlement, Plaintiffs would have faced uncertainty and risk in connection with their claims. Given these risks (which are discussed in the accompanying Memorandum of Law), and the costs and potential delays associated with further litigation, I believe that the Settlement is fair, reasonable, and adequate.

**Professional Background**

5. I am licensed to practice law in the State of Minnesota and have also been admitted to practice in several federal district courts and appellate courts across the country. A list of jurisdictions and courts in which I have been admitted is set forth below:

/

/

[1] Unless otherwise specified herein, all capitalized terms have the meaning assigned to them in Article 1 of the Settlement Agreement.

| |
|---|
| United States Court of Appeals for the Second Circuit |
| United States Court of Appeals for the Third Circuit |
| United States Court of Appeals for the Fourth Circuit |
| United States Court of Appeals for the Fifth Circuit |
| United States Court of Appeals for the Sixth Circuit |
| United States Court of Appeals for the Eighth Circuit |
| United States Court of Appeals for the Ninth Circuit |
| United States Court of Appeals for the Eleventh Circuit |
| United States District Court for the District of Colorado |
| United States District Court for the Western District of Michigan |
| United States District Court for the District of Minnesota |
| United States District Court for the District of Nebraska |
| United States District Court for the Western District of New York |
| United States District Court for the District of North Dakota |
| United States District Court for the Eastern District of Wisconsin |
| Minnesota Supreme Court |

I am in good standing in every jurisdiction in which I have been admitted to practice.

6. I have been actively engaged in the practice of law since 2007 and have been counsel of record for both plaintiffs and defendants in numerous large, complex cases that have resolved through the payments of hundreds of millions of dollars in settlements or awards. In particular, I have substantial experience litigating ERISA class actions in numerous federal courts around the country, including serving as first-chair trial counsel. In connection with those cases, I have been involved in negotiating class action settlements providing more than $300 million in relief to ERISA plan participants.

7. In addition to substantial experience litigating at the trial-court level, I have also argued matters before the United States Courts of Appeal for the Second, Eighth, Ninth, and Eleventh Circuits. In 2026 alone, I argued and won reversal or vacatur of summary judgment in ERISA matters on appeal at the Ninth and Eleventh Circuits. *See Klawonn v. Bd. of Dirs. for the Motion Pic. Indus. Pension Plans*, No. 25-2874 (9th Cir.); *Johnson v. Russell Inv. Mgmt., LLC*, No. 25-10692 (11th Cir.).

8. I am the leader of the ERISA practice group at Nichols Kaster. We have one of the most longstanding and successful plaintiff-side ERISA litigation groups in the country. In addition to the present case, the firm has been appointed class counsel for litigation and/or settlement purposes in over forty other class action cases involving retirement plans as set forth below:

- *Andrus v. NY Life Ins. Co.*, No. 1:16-cv-05698 (S.D.N.Y.);

- *Baker v. John Hancock Life Ins. Co. (U.S.A.)*, No. 1:20-cv-10397 (D. Mass.);
- *Beach v. JPMorgan Chase Bank, N.A.*, No. 1:17-cv-00563 (S.D.N.Y);
- *Berry v. FirstGroup America, Inc.*, No. 1:18-cv-00326 (S.D. Ohio);
- *Bhatia v. McKinsey & Co., Inc.*, No. 1:19-cv-01466 (S.D.N.Y.);
- *Brotherston v. Putnam Investments, LLC*, No. 1:15-cv-13825 (D. Mass.);
- *Burnett v. Prudent Fiduciary Services, LLC*, No. 1:22-cv-00270 (D. Del.);
- *Carrigan v. Xerox Corp.*, No. 3:21-cv-1085 (D. Conn.);
- *Clark v. Oasis Outsourcing Holdings Inc.*, No. 9:18-cv-81101 (S.D. Fla.);
- *Falberg v. The Goldman Sachs Group, Inc.*, No. 19-cv-9910 (S.D.N.Y.);
- *Goldstein v. Mutual of America Life Ins. Co.*, No. 1:22-cv-7862 (S.D.N.Y);
- *Hill v. Mercy Health Corp.*, No. 3:20-cv-50286 (N.D. Ill.);
- *In re M&T Bank Corp. ERISA Litig.*, No. 1:16-cv-00375 (W.D.N.Y.);
- *Intravaia v. Nat'l Rural Elec. Coop. Assoc.*, No. 1:19-cv-00973 (E.D. Va.);
- *Johnson v. Fujitsu Tech. & Bus. of America, Inc.*, No. 5:15-cv-03698 (N.D. Cal.);
- *Johnson v. Russell Investments Trust Company,* No. 22:cv-21735 (S.D. Fla.);
- *Karpik v. Huntington Bancshares Inc.*, No. 2:17-cv-1153 (S.D. Ohio);
- *Kinder v. Koch Indus., Inc.*, No. 1:20-cv-02973 (N.D. Ga.);
- *Kirk v. Ret. Comm. of CHS/Community Health Sys., Inc.*, No. 3:19-cv-00689 (M.D. Tenn.);
- *Klawonn v. Board of Directors for the Motion Picture Industry Pension Plans, No. 2:20-cv-09194 (C.D. Cal.);*
- *Kloss v. Argent Trust Co., No. 0:23-cv-00301 (D. Minn.);*
- *Kohari v. MetLife Group, Inc., No. 1:21-cv-06146 (S.D.N.Y);*
- *Larson v. Allina Heath Sys.*, No. 0:17-cv-03835 (D. Minn.);
- *Main v. American Airlines, Inc.*, No. 3:16-cv-01033 (N.D. Tex.);
- *Mass v. Regents of the Univ. of California*, No. RG17-879223 (Alameda County Super. Ct.);
- *Moitoso v. FMR LLC*, No. 1:18-cv-12122 (D. Mass.);
- *Moreno v. Deutsche Bank Americas Holding Corp.*, No. 1:15-cv-09936 (S.D.N.Y.);

- *Pecou v. Bessemer Trust Co.* No. 1:22-cv-01019 (S.D.N.Y.);
- *Randall v. GreatBanc Trust Co.* No. 0:22-cv-02354 (D. Minn.);
- *Reetz v. Lowe's Co.*, No. 5:18-CV-00075 (W.D.N.C.);
- *Rocke v. Allianz Asset Management of America LLC*, (C.D. Cal.);
- *Schaf v. O-I Glass, Inc.*, No. 3:22-cv-01240 (N.D. Ohio);
- *Schissler v. Janus Henderson US (Holdings), Inc.*, No. 1:22-cv-02326 (D. Colo.);
- *Sims v. BB&T Corp.*, No. 1:15-cv-00732 (M.D.N.C.);
- *Stevens v. SEI Invs. Co.*, No. 2:18-cv-04205 (E.D. Pa.);
- *Toomey v. Demoulas Super Markets, Inc.*, No. 1:19-cv-11633 (D. Mass);
- *Urakhchin v. Allianz Asset Mgmt. of America, L.P.*, No. 8:15-cv-01614 (C.D. Cal.);
- *Velazquez v. Massachusetts Fin. Servs. Co.*, No. 1:17-cv-11249 (D. Mass.);
- *Waldner v. Natixis Investment Managers, L.P.*, No. 1:21-cv-10273 (D. Mass.);
- *Wanek v. Russell Investments Trust Co.*, No. 2:21-cv-00961 (D. Nev.); and
- *Wildman v. American Century Servs., LLC*, No. 4:16-cv-00737 (W.D. Mo.).

9. Our firm took the *Putnam, American Century, Lowe's, University of California,* and *Natixis* cases to trial. We received final court approval of settlements in *New York Life, John Hancock, JPMorgan Chase, McKinsey & Co., Putnam, Oasis Outsourcing, Koch, M&T, Mercy Health, National Rural Electric Cooperative Association ("NRECA"), Fujitsu, Huntington Bank, CHS/Community Health Systems, Allina, American Airlines, FMR LLC* (also known as Fidelity), *Deutsche Bank, Lowe's* (partial settlement), *BB&T, SEI, Demoulas Super Markets, Urakhchin v. Allianz, Massachusetts Financial Services, Mutual of America, Rocke v. Allianz, Southwest Research Institute, O-I Glass, and Bessemer*. We won contested class certification motions in *Goldman Sachs, JPMorgan Chase, Putnam, University of California, Deutsche Bank, BB&T, Allianz, American Century, Natixis, and Motion Picture Industry Pension Plans,* and reached stipulations concerning class certification in our cases with *John Hancock, FirstGroup, Fidelity, Lowe's, and Massachusetts Financial Services, and GreatBanc Trust Co. (Wells Fargo).* We also defeated motions to dismiss in many of these cases in whole or in part, including *John Hancock, JPMorgan Chase, Putnam, M&T, NRECA, Fujitsu, Goldman Sachs, FirstGroup, Huntington Bank,*

*American Airlines, University of California, Deutsche Bank, Lowe's, BB&T, Demoulas Super Markets, Allianz, Massachusetts Financial Services,* and *American Century*, as well as in *Morin v. Essentia Health*, 2017 WL 4083133 (D. Minn. Sept. 14, 2017), *report and recommendation affirmed*, 2017 WL 4876281 (D. Minn. Oct. 27, 2017); *Nelsen v. Principal Global Investors Trust Company*, 362 F. Supp. 3d 627 (S.D. Iowa 2019); *Davis v. Stadion Money Management*, 2020 WL 1248580 (D. Neb. Mar. 16, 2020); *Falberg v. The Goldman Sachs Group*, 2020 WL 3893285 (S.D.N.Y. July 9, 2020); *McGinnes v. FirstGroup America, Inc.*, No. 1:18-cv-00326, Dkt. 59 (S.D. Ohio March 18, 2021); *Stark v. Keycorp*, No. 1:20-cv-01254, Dkt. 24 (N.D. Ohio May 4, 2021); *Kohari v. MetLife Grp., Inc.*, No. 21 CIV. 6146 (JPC), 2022 WL 3029328, at *1 (S.D.N.Y. Aug. 1, 2022); *Klawonn v. Bd. of Directors for the Motion Picture Indus. Pension Plans*, No. CV-20-9194-DMG (JEMx), 2022 WL 17224708, at *1 (C.D. Cal. Sept. 27, 2022); *Laidig v. GreatBanc Trust Co.*, No. 22:cv-1296 (N.D. Ill. Jan. 31, 2023); *Thomson v. Caesars Holdings Inc.,* No. 2:21-cv-00961, Dkt. 109, (D. Nev. Mar. 13, 2023); *Schaf v. O-I Glass,* No. 3:22-cv-1240, Dkt. 33, N.D. Ohio June 30, 2023); and *Schlissler v. Janus Henderson US (Holdings) Inc.*, No. 1:22-cv-02326, Dkt. 50, D. Colo. Sept. 7, 2023.

10. For nearly a decade, the firm has been recognized as a leader in ERISA 401(k) cases. According to a Bloomberg BNA article, "Nichols Kaster has been the driving force" behind a wave of 401(k) litigation. *See* Jacklyn Wille, Deutsche Bank Can't Shake 401(k) Fee Lawsuit, Bloomberg BNA (Oct. 17, 2016). Attorneys from Nichols Kaster have been interviewed by National Public Radio's "All Things Considered", the Wall Street Journal, Bloomberg, Financial Times, Investment News, Bankrate.com, and other trade publications in connection with their ERISA work.

**<u>Law Firm Overview</u>**

11. Nichols Kaster has been engaged in the practice of law for more than 45 years and is devoted to representing the interests of both consumers and employees. The firm has offices in Minneapolis and San Francisco and currently employs more than two dozen attorneys and a sizeable staff of paralegals, legal assistants, class action clerks, and information technology professionals.

12. Nichols Kaster has extensive class action and collective action experience. The firm

has been appointed lead counsel or co-counsel on hundreds of class and collective actions and has recovered over $750 million for its clients.

13. Nichols Kaster has been named one of the top 50 elite trial firms by National Law Journal and has been ranked as a Best Law Firm by U.S. News and World Report. In addition, Nichols Kaster has received praise from numerous courts for its work.

14. The firm's lawyers have litigated dozens of cases through trial and have managed discovery in cases involving millions of pages of documents. The firm is also well regarded for its appellate work and has been involved in two successful appeals before the United States Supreme Court, *Perez v. Mortgage Bankers Ass'n*, 575 U.S. 92 (2015) and *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011).

**Work on the Present Case**

15. Based on Nichols Kaster's class action and collective action experience, as well as our experience handling complex ERISA cases, the team at Nichols Kaster was able to achieve significant recovery for the class in this case.

16. This recovery required the investment of substantial time and resources. At all times, we have vigorously represented the interests of the Plaintiffs and the putative class members in this case. Among other things, we conducted a thorough pre-suit investigation, drafted a detailed initial Complaint, and followed up with First, Second, Third, Fourth, and Fifth Amended Complaints. We successfully opposed Defendants' motions to dismiss and were successful in certifying the class in this case. We also engaged in extensive discovery over the course of more than 18 months, which included the production of more than 350,000 pages of documents, the depositions of eleven fact witnesses, the exchange of ten expert reports, and the depositions of six expert witnesses.

17. We leveraged the extensive factual record developed during discovery to successfully oppose Russell's motion for summary judgment and to prepare for trial. Absent a settlement in this matter, we were prepared to take the case to trial and, if necessary, to further prosecute the matter on appeal.

18. While preparing for trial, counsel for the Plaintiffs and Russell, both of whom have extensive experience in ERISA litigation and complex class actions, engaged in lengthy and hard-

fought settlement negotiations. These negotiations extended over several months and at all times were conducted at arm's length, and resulted in the proposed Settlement now before the Court.

19. Class Representatives Danny Wanek, Juan Duarte, and Rick Ruberton have ably assisted Class Counsel in prosecuting this action at every stage of the proceedings. They assisted in our pre-suit investigation by providing documents and information, answering questions, and reviewing the complaints for factual accuracy. They participated in discovery by producing documents, answering interrogatories, and sitting for depositions. They kept themselves informed on the status of the lawsuit by reviewing updates from Class Counsel and following up with us as questions arose. Each agreed to appear and testify at trial if necessary. And they consulted with Class Counsel in evaluating and approving the terms of the proposed Settlement. In my view, at all times each of them has competently and selflessly represented the interests of their fellow class members.

## Settlement Administration

20. The Settlement Agreement provides for the appointment of a Settlement Administrator to be retained by Class Counsel and approved by the Court. In order to select a firm for this role, Class Counsel solicited proposals from multiple vendors. After reviewing proposals from multiple candidates, Class Counsel has selected Atticus Administration, LLC ("Atticus"), to serve as Settlement Administrator. Atticus is an experienced, reputable settlement-administration provider with experience administering ERISA settlements similar to the one in this case. Atticus's proposal was the most comprehensive and cost-effective proposal. Atticus's company profile is attached as **Exhibit 2**. I respectfully submit that the Court should approve the appointment of Atticus as Settlement Administrator for this case.

* * *

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 17, 2026

*<u>/s/ Brock J. Specht</u>*
Brock J. Specht

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2026, a true and correct copy of the foregoing was served via the Court's electronic filing system upon all counsel of record in this matter.

*/s/ Brock J. Specht*
Brock J. Specht