Paul S. Padda
NV Bar No. 10417
PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, NV 89103
Tel: (702) 366- 1888
psp@paulpaddalaw.com

Brock J. Specht, MN Bar No. 0388343*
bspecht@nka.com
Matthew H. Morgan, MN Bar No. 0304657*
morgan@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

* LR IA 11-2 petition approved

ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Danny Wanek, Juan Duarte, and Rick Ruberton, as representatives of a class of similarly situated persons, and on behalf of the Caesars Entertainment Corporation Savings & Retirement Plan,

Plaintiffs,

v.

Russell Investments Trust Company, Caesars Holdings Inc., the Plan Investment Committee, and the 401(k) Plan Committee,

Defendants.

**Case No. 2:21-cv-00961-CDS-BNW**

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of a proposed class action settlement of the above-captioned action ("Action") between Named Plaintiffs Danny Wanek, Juan Duarte, and Rick Ruberton, on behalf of a class of participants in the Caesars Entertainment Corporation Savings & Retirement Plan ("Plan"), and Russell Investments Trust Company ("Russell"), as set forth in the Parties' Class Action Settlement Agreement ("Settlement Agreement"). Having duly considered the terms of the Settlement Agreement and the motion papers and arguments of counsel, the Court hereby finds and orders as follows:

1. Based on the Court's review, the Court finds, on a preliminary basis, that: (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement Agreement has been negotiated in good faith at arm's-length between experienced attorneys familiar with the legal and factual issues of this case following substantial discovery, (iii) the form and method of notice of the Settlement Agreement and of the Fairness Hearing is appropriate; and (iv) the Settlement Agreement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Ninth Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

2. For settlement purposes, the Court preliminarily certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(b)(1), which is consistent with the Class previously certified by the Court (*see* Doc. 195):

> All participants and beneficiaries of the Caesars Entertainment Corporation Savings & Retirement Plan from August 1, 2017, through December 17, 2021, excluding any employees of Caesars with responsibility for the Plan's investment or administrative functions.

Named Plaintiffs Danny Wanek, Juan Duarte, and Rick Ruberton are appointed as the Class Representatives, and Nichols Kaster, PLLP is appointed as Class Counsel for the Settlement Class.

3. The Court approves the proposed Notices of Settlement (Exhibits 1 and 2 to the Settlement Agreement) and the method of giving direct notice to Settlement Class Members by email, first-class mail, or such other means as provided in the Settlement Agreement and this Order. The Court finds that the proposed Notices fairly and adequately provide information to the

Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) Settlement Class Members' right to object to the Settlement and the deadline for doing so and the rights of the Settling Parties to discovery concerning such objections; (5) the Settlement Class's release; (6) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (7) the date, time, and location of the Fairness Hearing; and (8) Settlement Class Members' right to appear at the Fairness Hearing. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the transmission of these Notices constitutes the best notice practicable under the circumstances and complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, due process, and applicable law. Additionally, the Notices provide due and sufficient notice of the Fairness Hearing and of the rights of all Settlement Class Members.

4. No later than forty-five (45) calendar days following the entry of this Preliminary Approval Order, or twenty (20) business days after the Settlement Administrator has received and validated substantially complete notice data, whichever is later, the Settlement Administrator shall transmit the proposed Notices to the Settlement Class by email to the email address on file with the Plan or otherwise available to the Settlement Administrator or, if no email address is available for a Settlement Class Member, by first-class mail, postage prepaid; provided, however, that absent further order of the Court, the Settlement Administrator shall use reasonable efforts to complete the initial dissemination of the Notices no later than ninety (90) calendar days after entry of this Preliminary Approval Order.

5. In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a Settlement Website and toll-free telephone line relating to the Settlement no later than ten (10) calendar days following the entry of this Preliminary Approval Order.

6. Class Counsel shall file the Settlement Administrator's declaration confirming compliance with 28 U.S.C. § 1715 prior to the Fairness Hearing. If later-received recordkeeper data materially changes the states in which Settlement Class Members are understood to reside or otherwise makes supplemental notice reasonably necessary, the Settlement Administrator, on

behalf of Russell, shall use reasonable efforts to provide supplemental CAFA notice as provided in the Settlement Agreement.

7. Pursuant to the Settlement Agreement, Atticus Administration, LLC is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

8. On [date] at [time] [a date no earlier than one hundred twenty (120) calendar days after the date of the Preliminary Approval Order and no earlier than sixty (60) calendar days after completion of the initial dissemination of the Notices, or the first available hearing date thereafter], or at such other date and time later set by Court Order, in courtroom 6B of the United States District Court for the District of Nevada, 333 Las Vegas Boulevard South, Las Vegas, NV 89101, this Court will hold a Fairness Hearing to: (1) give final consideration to the fairness, reasonableness, and adequacy of the Settlement Agreement, (2) review any comments or objections regarding the Settlement Agreement, (3) consider whether the Court should issue a Final Approval Order approving this Settlement Agreement, (4) consider any proposed Attorneys' Fees and Costs, Administrative Expenses, and Service Award, and (5) consider any other matters that the Court may deem appropriate in connection with the Settlement.

9. Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement; provided, however, that all comments and objections shall only be considered by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Russell's Counsel. To be timely, the comment and/or objection and any supporting documents must be mailed or otherwise delivered to Class Counsel and Russell's Counsel no later than twenty-one (21) calendar days prior to the date of the Fairness Hearing, unless the Court orders otherwise. The comment and/or objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number or email address; (3) describe the position the Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Settlement Class

Member; and (6) include the Settlement Class Member's signature. A Settlement Class Member who submits a comment or objection regarding the Settlement Agreement need not appear at the Fairness Hearing for the Settlement Class Member's comment or objection to be considered by the Court. Any Settlement Class Member wishing to speak at the Fairness Hearing shall serve a notice of intent to appear on Class Counsel and Russell's Counsel by the date set by the Court, which shall be at least twenty-one (21) calendar days prior to the Fairness Hearing, unless the Court orders otherwise. Any Party may file a response to an objection before the Fairness Hearing.

10. Any Settlement Class Member or other person who does not timely serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

11. Any Settling Party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) calendar days of the request being served on the objector.

12. Any application for Attorneys' Fees and Costs, Administrative Expenses, or Service Award shall be filed no later than fourteen (14) calendar days prior to the deadline for objections.

13. No later than fourteen (14) calendar days prior to the Fairness Hearing, or by such other deadline as the Court may order, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement. Class Counsel shall file any objections to the Settlement with the motion for Final Approval of the Settlement.

14. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

15. The terms of the Bar Order set forth in the Settlement Agreement are preliminarily approved, subject to final approval of the Settlement Agreement.

16. Each Settlement Class Member, and his or her respective heirs, executors, estates, beneficiaries, administrators, successors, agents, attorneys, and assigns, and the Plan, is

preliminarily enjoined from suing Russell or other Released Parties in any action or proceeding alleging any of Plaintiffs' Released Claims, even if any Settlement Class Member may thereafter discover facts in addition to or different from those which the Settlement Class Members or Class Counsel now know or believe to be true with respect to the Action and Plaintiffs' Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member or the Plan may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Plaintiffs' Released Claims against Russell or Released Parties.

17. The Settlement Agreement, the proceedings relating to the approval of the Settlement Agreement, and this Preliminary Approval Order are not and shall not be construed as evidence or an admission of any liability, responsibility, fault, or wrongdoing on the part of the Parties or any Released Party. In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, then the Parties and Settlement Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*.

**SO ORDERED.**

This is the ___day of _________________________, 2026.

BY THE COURT

________________________________

Honorable Cristina D. Silva
United States District Court Judge